UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>DAVID TURNIPSEED,<br><br>   Defendant. | NO. CR-05-116-RHW-7<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

Before the Court is the Government's Motion for Preliminary Order of Forfeiture (Ct. Rec. 286). This motion was heard without oral argument. The Government requests a preliminary order of forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and based upon the guilty plea of David Turnipseed to the offense of Trafficking in Contraband Cigarettes, as charged in Count 14 of the Indictment, in violation of 18 U.S.C. §§ 2342(a) and 2, and upon the terms of the Plea Agreement filed in this matter between Mr. Turnipseed and the United States.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion for Preliminary Order of Forfeiture (Ct. Rec. 286) is **GRANTED**.

2. Pursuant to 18 U.S.C. § 2344(c) and 28 U.S.C. § 2461(c), Defendant David Turnipseed's interest in the following property is forfeited to the United States of America:

   a. Thirteen thousand six (13,006) cartons of contraband cigarettes seized by U.S. Immigration and Customs Enforcement Agents on June

PRELIMINARY ORDER OF FORFEITURE * 1

8, 2004, from BJ'S II SMOKE SHOP at 4315 Pacific Highway East in Tacoma, Washington, a smoke shop owned by DAVID TURNIPSEED;

 b. Seven thousand six hundred twenty-nine (7,629) loose packs of contraband cigarettes seized by U.S. Immigration and Customs Enforcement Agents on June 8, 2004, from BJ'S II SMOKE SHOP at 4315 Pacific Highway East in Tacoma, Washington, a smoke shop owned by DAVID TURNIPSEED;

 c. Four thousand seven hundred eighty-three (4,783) cartons of contraband cigarettes seized by U.S. Immigration and Customs Enforcement Agents on June 8, 2004, from BJ'S II SMOKE SHOP at 1305 Alexander Avenue East in Tacoma, Washington, a smoke shop owned by DAVID TURNIPSEED;

 d. One thousand eight hundred seventy-one (1,871) loose packs of contraband cigarettes seized by U.S. Immigration and Customs Enforcement Agents on June 8, 2004, from BJ'S II SMOKE SHOP at 1305 Alexander Avenue East in Tacoma, Washington, a smoke shop owned by DAVID TURNIPSEED; and

3. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Defendant David Turnipseed's interest in the following property is forfeited to the United States of America:

 a. One hundred sixty-five thousand three-hundred sixty-three dollars ($165,363.00) in United States currency seized by U.S. Immigration and Customs Enforcement Agents on June 8, 2004, from BJ'S II SMOKE SHOP at 4315 Pacific Highway East in Tacoma, Washington, a smoke shop owned by DAVID TURNIPSEED; and

 b. Fourteen thousand thirteen dollars ($14,013.00) in United States currency seized by U.S. Immigration and Customs Enforcement

PRELIMINARY ORDER OF FORFEITURE * 2

Agents on June 8, 2004, from BJ'S II SMOKE SHOP at 1305 Alexander Avenue East in Tacoma, Washington, a smoke shop owned by DAVID TURNIPSEED.

**IT IS FURTHER ORDERED** that the United States Department of Homeland Security, Customs and Border Protection, and/or its agents and representatives, shall seize the above-described property and maintain said property in its custody and control until further order of this Court, or until this Order becomes final pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of the Preliminary Order of Forfeiture and the intent of the United States to dispose of the above-described property, in accordance with law. The notice shall run for one (1) day each week for three (3) consecutive weeks in the Daily Journal of Commerce and/or any other appropriate newspaper of general circulation. The notice shall state that any person, other than Defendant, having or claiming a legal interest in property described above must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

The notice shall advise such interested person that:

1. the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in such properties;
2. the petition shall be signed by the petitioner under penalty of perjury; and
3. the petition shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties.

The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States shall also, to the extent possible, provide direct written notice as a substitute for the published notice to any person known to have alleged

PRELIMINARY ORDER OF FORFEITURE * 3

an interest in the above-described property, which is the subject of this Preliminary Order of Forfeiture. Upon adjudication of any third-party claims, this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all such claims are addressed.

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary of Forfeiture shall become final as to Defendant prior to the time of sentencing, upon conclusion of the ancillary proceeding, and shall be made part of the sentence and included in the judgment. Based upon the Plea Agreement and the guilty plea of Defendant herein, the Court finds that Defendant had an interest in the forfeited properties. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that after the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, and before a hearing on any third party petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

**IT IS FURTHER ORDERED** that the United States shall have clear title to the properties listed above following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

///

///

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

PRELIMINARY ORDER OF FORFEITURE * 4

Order, forward copies to counsel, and to forward seven (7) "raised seal" certified copies to the United States Attorney's Office in Seattle, Washington.

**DATED** this 8th day of June, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2005\Paul, et al\DTurnipseed.prelim.forfeit.wpd

PRELIMINARY ORDER OF FORFEITURE * 5